UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE JENKINS,

    Petitioner,

v.                                           Case No. 8:15-cv-1243-T-36MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner Terrance Jenkins, a Florida inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1), challenging his Pinellas County convictions. Respondent does not contest the petition's timeliness. (Dkt. 12) Jenkins did not file a reply. Upon consideration, the petition will be DENIED.

**Procedural History**

Jenkins was convicted after a jury trial of burglary to an occupied conveyance (count one) and battery (count two). (Dkt. 14, Ex. 1, pp. 36-37). He was sentenced to ten years in prison on count one and one year in prison on count two. (*Id.*, pp. 42-46). The state appellate court *per curiam* affirmed. (Dkt. 14, Ex. 4). Jenkins's first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 was granted to the extent it challenged the imposition of the Public Defender's fee but was denied on all other grounds. (Dkt. 14, Exs. 6, 10, 11, 13). His second postconviction motion and amendment to that motion were dismissed. (Dkt. 14, Exs. 14, 16, 17).

**Standard Of Review; Exhaustion Of State Remedies and Procedural Default**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Wilcox v. Fla. Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain AEDPA review, a federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

Ineffective assistance of postconviction counsel generally does not constitute cause to overcome a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991). However, *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) recognizes a narrow, equitable exception to this rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

"To overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must

demonstrate that the claim has some merit." *Id.* at 14. *See also Duffy v. Sec'y, Dep't of Corr.*, No. 16-11756, 2018 WL 1061380 at *1 (11th Cir. Feb. 27, 2018) ("A defaulted claim is substantial if the resolution of its merits would be debatable among jurists of reason." (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003))).

**Standard For Ineffective Assistance Of Counsel**

Claims of ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Jenkins must demonstrate that his counsel performed deficiently in that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* Jenkins must also show prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**Discussion**

Ground One

Jenkins claims that trial counsel was ineffective in failing to communicate a four-year plea offer to him. When Jenkins raised this claim in his successive postconviction motion, the state court dismissed it, finding, "there is no good cause for the Defendant's failure to raise this claim of ineffective assistance of counsel in his previous motion for postconviction relief." (Dkt. 14, Ex. 17, p. 2). In other words, Jenkins was required to, but did not, bring the claim in his initial-review

collateral proceeding.[1] The dismissal of the federal claim on adequate and independent state procedural grounds resulted in a procedural default. *See Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner" can establish cause and prejudice or a fundamental miscarriage of justice).

Jenkins relies on *Martinez* to overcome the default, but he fails to show that his ineffective assistance of trial counsel claim is substantial. First, Jenkins does not offer any evidence that a four-year offer was made, or allege any facts explaining how and when he learned that an offer was presented to counsel and that counsel failed to convey it to him. Accordingly, his claim is too speculative to be substantial. *See, e.g., Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (a federal court may not grant habeas relief "on the basis of little more than speculation with slight support."); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation marks and citation omitted)); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Furthermore, the portion of the record that Jenkins cited to support his claim contains no indication that such an offer was made. Rather, it indicates that the State was not amenable to a four-year sentence and the court would not have imposed it. At sentencing, the prosecutor discussed Jenkins's 11 prior felonies and 20 prior misdemeanors, as well as the evidence brought out at trial. (Dkt. 14, Ex. 1b, pp. 322-25). The prosecutor also confirmed that the lowest permissible sentence

---

[1] *See* Fla. R. Crim. P. 3.850(h)(2) (providing that a court may dismiss a second or successive postconviction motion if it finds that there was no good cause for the defendant's failure to have asserted the grounds in a prior motion).

under the sentencing guidelines was 47.175 months, or just less than four years. (*Id.*, p. 323). The prosecutor and judge then addressed a sentence at the bottom of the guidelines:

> THE COURT: So what's your - - are you taking a position on sentencing?
>
> [STATE]: No, Judge. I would defer to the Court's discretion. Obviously - - I don't think the bottom of the guidelines is sufficient at this point. His last prison sentence was three years.
>
> THE COURT: Yeah. No, I don't think anybody is going to - - maybe the Defense is going to contemplate that. I don't think I'm contemplating that, but in any event - -
>
> [STATE]: But, Judge, I would leave it in the Court's discretion based on the facts adduced at trial.

(*Id.*, p. 325). Later, immediately before pronouncing the 10-year sentence, the court stated:

> Can, given the facts of the case, I give the absolute statutory maximum which is 15 years? No. But at the same time, you're a dangerous person and you just - - I just can't let you loose in the community for a significant period of time, especially given the recency of the last offense. And then this happened within a couple months after that.[2]

(*Id.*, p. 332).

Therefore, even assuming that the State made a four-year offer and that counsel was ineffective in failing to convey it, Jenkins does not show a reasonable probability that the State would not have withdrawn the offer, or that the trial court would have approved it. *See Missouri v. Frye*, 566 U.S. 134, 147 (2012) (to show prejudice when counsel's deficient performance has caused a plea offer to lapse, a petitioner must "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law."). Accordingly, Jenkins's defaulted

---

[2] The charged offenses occurred on November 2, 2010. (Dkt. 14, Ex. 1, p. 1). The court appears to have referred to Jenkins's release from prison on September 13, 2010. (Dkt. 14, Ex. 1b, p. 328).

ineffective assistance of trial counsel claim is not substantial. Because he has not overcome the procedural default,[3] Ground One cannot provide relief.

Ground Two

Jenkins contends that trial counsel was ineffective in failing to file a motion for judgment of acquittal. In support, Jenkins claims that "[t]he victim's testimony was very suspect." (Dkt. 1, p. 5). He alleges that the victim, Raydricka Gregory, gave irrelevant testimony that was inconsistent with her prior statements; that she incorrectly stated which side of her face was injured; and that she and Officer Selena Hyppolite offered inconsistent testimony about Gregory's interaction with police. As Jenkins did not present this claim to the state court,[4] it is unexhausted. Because Jenkins cannot return to state court to present this claim in an untimely postconviction motion, *see* Fla. R. Crim. P. 3.850(b), the claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Jenkins contends that he overcomes the default under *Martinez*. However, Jenkins has not demonstrated that his claim of ineffective assistance of trial counsel is substantial.

A motion for judgment of acquittal challenges the sufficiency of the State's evidence. "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to

---

[3] In arguing that *Martinez* allows him to overcome the default of all three of his claims, Jenkins contends that he has met the cause and prejudice exception. He does not argue or establish, with respect to any claim, that the fundamental miscarriage of justice exception applies.

[4] In his successive postconviction motion, Jenkins alleged that counsel was ineffective in failing to file a motion for judgment of acquittal. However, he did not allege that counsel should have filed the motion for the reasons alleged in his habeas petition. (Dkt. 14, Ex. 16, p. 5). Therefore, the claim in Jenkins's federal habeas petition is unexhausted because it was not presented to the state court. *See Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts."); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously.").

sustain a conviction." *Pagan v. State*, 830 So.2d 792, 803 (Fla. 2002). *See also State v. Williams*, 742 So.2d 509, 510 (Fla. 1st DCA 1999) ("If the State has presented competent evidence to establish every element of the crime, then a judgment of acquittal is improper.").

To establish burglary to an occupied conveyance, the State had to prove beyond a reasonable doubt that Jenkins entered Gregory's car with an intent to commit an offense therein while a person was in the car. § 810.02(1)(b), Fla. Stat. (Dkt. 14, Ex. 1, pp. 21-22). The State could show entry by proving beyond a reasonable doubt that Jenkins placed any part of his body inside the car. (*Id.*, p. 21). To establish battery, the State had to prove beyond a reasonable doubt that Jenkins either 1) intentionally touched or struck Gregory against her will, or 2) that Jenkins intentionally caused bodily harm to Gregory. § 784.03(1)(a), Fla. Stat. (Dkt. 14, Ex. 1, p. 23).

Gregory testified that Jenkins approached her while she was in her car in a convenience store parking lot. (Dkt. 14, Ex. 1b, pp. 167-68). She testified that the car's window was partially down. (*Id.*). Gregory testified that she told Jenkins to move away and began backing up. (*Id.*, p.168). She testified that Jenkins "swung in the car" and hit her, and swung a second time but missed. (*Id.*, pp. 168, 170, 171). Gregory drove out of the parking lot, and, a short time later, reported the incident to Officer Hyppolite at a police station. (*Id.*, pp. 170, 172-74, 213). Officer Hyppolite testified that she observed bruising and swelling near Gregory's eye, and that photographs of Gregory were taken. (*Id.*, pp. 214-16). When the photographs were published to the jury, Officer Hyppolite described the injuries they depicted. (*Id.*, pp. 217-18).

Taken in the light most favorable to the State, this evidence could lead a rational trier of fact to find beyond a reasonable doubt that Jenkins committed burglary to an occupied conveyance and battery. Any inconsistencies within Gregory's testimony, or between her testimony and Officer

Hyppolite's testimony, went to the credibility and weight of the evidence. These matters were properly resolved by the jury rather than by the court on a motion for judgment of acquittal. *See Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974) ("The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal."); *Hufham v. State*, 400 So.2d 133, 135 (Fla. 5th DCA 1981) ("Once competent, substantial evidence has been submitted on each element of the crime, it is for the jury to evaluate the evidence and credibility of the witnesses."). Accordingly, Jenkins does not establish that counsel performed deficiently in failing to move for a judgment of acquittal for the reasons cited or that he was prejudiced as a result of counsel's performance. Because he has not raised a substantial claim of ineffective assistance of counsel, he cannot overcome the default of his claim through *Martinez*. Jenkins is not entitled to relief on Ground Two.

Ground Three

Jenkins argues that trial counsel was ineffective in failing to object and move for a mistrial when Gregory testified in violation of the court's ruling on a motion in limine. This claim is unexhausted because Jenkins failed to raise it in state court, and it is procedurally defaulted since he cannot now present it in an untimely postconviction motion. *See Smith*, 256 F.3d at 1138. Jenkins again asserts that he overcomes the default under *Martinez*, but his ineffective assistance claim is not substantial.

Gregory alleged that, two days before the crimes for which Jenkins was tried, Jenkins approached her outside her home and hit her, injuring her mouth and lip. The trial court granted Jenkins's motion in limine to exclude

> [1] Any statements and/or references that the Defendant has physically battered the alleged victim on previous occasion(s). This includes, but is not limited to

statements that the Defendant and alleged victim were involved in an altercation two days prior to this incident in which the Defendant showed up at the alleged victim's house and punched her in the mouth causing the alleged victim to suffer from a "busted" lip.

. . .

[2] Any photographs or statements depicting injury to the alleged victim's mouth.

(Dkt. 14, Ex. 1, pp. 16, 18).

On direct examination, however, Gregory referenced this earlier injury when she described the charged offenses and the police investigation:

> Q So you had the window down. Not all the way but like 4 or 5 inches sticking up?
>
> A Yes. And I was sitting back up. That's when he rode up. I put the car in park. Actually, I put my feet on the brake.
>
> Q So - - and "he" is Mr. Jenkins?
>
> A Yes. Terrence came up. He was like, oh, B. You going to hang up the phone or something like that, and I told him to move away from the car. So I put my feet back to drive. I was backing up, and he was like, oh, she's going to run me over. He just swung in the car and hit me in my mouth. The second time he swung at me, he had missed.
> . . .
>
> Q What were [the police] taking pictures of?
>
> A Of my face, like the marks. I had a bruise right here on my face (indicating). Then I had a mark on my lip.

(Dkt. 14, Ex. 1b, pp. 168, 173).

Jenkins does not show that he was prejudiced as a result of his attorney's failure to object and move for a mistrial because of these references to Gregory's earlier injury. "A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial." *England v. State*, 940 So.2d 389, 401-02 (Fla. 2006). *See also Snipes v. State*, 733 So.2d 1000, 1005 (Fla. 1999) ("A decision on a motion for a mistrial is within the discretion of the trial judge and such a

motion should be granted only in the case of absolute necessity."). "[T]he standard for a motion for mistrial is high." *Fletcher v. State*, 168 So.3d 186, 207 (Fla. 2015).

Gregory gave two isolated statements about the prior injury over the course of her lengthy testimony in the State's case-in-chief. There is no indication that the State purposefully elicited her statements, and Gregory made no reference to Jenkins having struck her two days before the charged offenses. Rather, it appears that Gregory simply misstated the injuries she received from the charged battery. Under these circumstances, Jenkins has not demonstrated that Gregory's comments were so prejudicial as to vitiate the entire trial. *See, e.g., Fletcher*, 168 So.3d at 207 ("A comment [in violation of a ruling on a motion in limine] that is brief, isolated, and inadvertent may not warrant a mistrial."); *Scott v. State*, 66 So.3d 923, 932 (Fla. 2011) (considering the spontaneous and fleeting nature of testimony given contrary to a ruling on a motion in limine in determining that the trial court did not abuse its discretion by denying a motion for mistrial); *Collier v. State*, 681 So.2d 856, 858 (Fla. 5th DCA 1996) ("The trial court properly concluded that the state's violation of the pre-trial ruling [on a motion in limine] was inadvertent, and therefore, a mistrial was not warranted.").

Further, when the State called Gregory in rebuttal to the defense's case, she was allowed to testify to details of the prior incident and the injuries she suffered.[5] Therefore, considered in the context of the trial as a whole, Jenkins was not prejudiced by counsel's failure to object and move for a mistrial. Because this claim is not substantial, Jenkins has not shown cause and prejudice to overcome the default under *Martinez*. He is not entitled to relief on Ground Three.

Any of Petitioner's claims not addressed in this Order have been determined to be without

---

[5] The trial court agreed when the State argued that Jenkins's testimony opened the door to Gregory's testimony about the prior incident and resulting injuries. (Dkt. 14, Ex. 1b, pp. 258-59).

merit.

Accordingly, it is ordered that:

1. Jenkins's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Jenkins and to close this case.

3. Jenkins is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Jenkins "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Jenkins has not made this showing. Because Jenkins is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on April 30, 2018.

Copies to:
Terrance Jenkins
Counsel of Record

Charlene Edwards Honeywell
United States District Judge